FEDERATED CONSERVATIONISTS OF WESTCHESTER COUNTY, INC., Citizens for Parklands, Patricia Barr, Thomas N. Barr, Jr., Val J. Condina, Sol Weinberg, Plaintiff–Appellants,

v.

CITY OF YONKERS, Defendant–Cross–Defendant–Appellee,

Andrew J. Spano, Honorable, Westchester County Executive, County of Westchester, Defendant–Cross–Claimant–Appellees,

State of New York, Defendant.

Docket No. 00–9495.

United States Court of Appeals, Second Circuit.

Jan. 22, 2002.

J. Henry Neale, Jr., Esq., White Plains, NY, for Appellants.

Raymond P. Fitzpatrick, Jr., Esq., Fitzpatrick, Cooper & Clark, Birmingham, AL, for Appellee.

Present WALKER, Chief Judge, CABRANES, and STRAUB, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

The district court allowed the City of Yonkers to remove a civil action from state court under the All Writs Act, 28 U.S.C. § 1651(a), because it held that the state-court action threatened to frustrate a previous order in the long-standing litigation to desegregate Yonkers's public housing. The plaintiffs, two groups dedicated to protecting parkland, argue that the district court lacked jurisdiction. Because this court has previously permitted almost identical removals, we affirm.

This case stems from protracted, ongoing litigation over the last twenty years designed to desegregate public housing in the City of Yonkers. *See U.S. v. Yonkers Bd. of Educ.,* 624 F.Supp. 1276 (S.D.N.Y. 1985), 635 F.Supp. 1577 (S.D.N.Y.1986), *aff'd* 837 F.2d 1181 (2d Cir.1987). One of the major steps in remedying the segregation is the creation of new subsidized housing in predominantly white Northeast Yonkers. After extensive delays, the City designated the "East Grassy Sprain Road Site" as its location for new housing construction. At the time, the site was part of Rory O'Moore Park, and the district court required that the City properly de-dedicate the site as parkland before it could be finally approved. In order to de-dedicate the site as parkland, the City needed an act of the New York State Legislature

authorizing its de-dedication and an agreement by Westchester County to waive its reversionary interest in the site. The state act was signed into law on January 30, 1997, with a stipulation that the City "shall dedicate replacement lands of equal or greater fair market value for park purposes." 1996 N.Y. Laws 728. On April 25, 1997, the Westchester County Board of Legislators authorized a quitclaim conveyance of the site to the City on the condition that the City "dedicate at least twenty-five (25) additional acres to the existing park system of the City of Yonkers." Act No. 64–1997, Westchester County Board of Legislators.

In January 1998, the City adopted a resolution dedicating five parcels of city-owned land as public parkland; the plaintiffs claim that this land had been acquired for park purposes before the agreement and thus was not an "additional" twenty-five acres. In response, the plaintiffs filed the current action in August 2000 in New York State Supreme Court, requesting that the court determine whether the City had complied with the terms of the County's conveyance and requesting a declaration that the quitclaim deed was "null and void and of no effect," an injunction against the use of the site for residential development or any other purpose besides public parkland, and such other relief as is "just, proper and equitable." The County cross-claimed against the City, agreeing that the City had failed to dedicate additional parklands as required by the County's act and the Intermunicipal Agreement implementing the County's act, and requesting that the court order specific performance by the City (dedication of an additional twenty-five acres of parkland).

The City removed to the district court under the authority of the All Writs Act. The district court, after conducting a hearing, denied the motion to remand, holding that jurisdiction existed under the All Writs Act, dismissing the plaintiffs' claim under the Intermunicipal Agreement for lack of standing (although not the County's parallel claim), issuing an injunction forbidding the plaintiffs from "challenging in any forum the use of the Grassy Sprain site for housing purposes," and remanding the claims for specific performance to the New York Supreme Court. The plaintiffs appealed only the conclusion that the district court has jurisdiction under the All Writs Act. The County has taken no position in this appeal.

The All Writs Act, 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." In a prior appeal involving the Yonkers desegregation litigation, the Second Circuit has held that the All Writs Act supports removal when removal is "necessary to protect the integrity of the Consent Decree" and "the issues raised by the [state-court action] cannot be separated from the relief provided by the Consent Decree." *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 865 (2d Cir.1988). In *Yonkers Racing Corp.*, the court upheld removal of an Article 78 proceeding seeking to enjoin the City of Yonkers from condemning land for use as subsidized housing under the district court's order. Although the court did mention its concerns that the City would not litigate the condemnation proceedings aggressively enough in state court, its primary concerns were eliminating delays to the implementation of the federal court's prior decisions and avoiding the danger of inconsistent orders from state and federal courts. *Id.* at 863–66. The present proceeding is essentially indistinguishable from *Yonkers Racing Corp.* In other cases, this court has similarly permitted removal to avoid de-

lays and frustrations of federal court orders. *See, e.g., United States v. City of New York*, 972 F.2d 464, 469 (2d Cir.1992). Accordingly, we conclude that removal under the All Writs Act was appropriate.

For the foregoing reasons, the judgment of the district court is AFFIRMED.